UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| THOMAS PILGREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 00-BU-1299-S |
| UNITED STATES OF AMERICA, | ) ) | **ENTERED** |
| Defendant. | ) ) | OCT 24 2000 |

Memorandum Opinion

Now pending before the Court in the above-styled action are five motions. The first filed, on September 14, 2000, was "Defendant's Motion . . . To Dismiss, Or In The Alternative, For Summary Judgment." (Doc. No. 5). Plaintiff responded by filing on October 5, 2000 three motions, entitled, "Motion To Compel" (Doc No. 6), "Plaintiff's Rule 56(f) Motion Requesting a Continuance so Discovery Can Be Conducted" (Doc. No. 7), and "Motion to Designate Expert Witness Fourteen Days After Defendant Answers Discovery Completely" (Doc. No. 8). And finally, on October 11, 2000, Defendant filed its opposition to these three motions and further included a "Motion for a Protective Order" (Doc. No. 10).

I. BACKGROUND

In his complaint, filed May 12, 2000, Plaintiff claims that Defendant is liable for medical malpractice under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671 et seq. Plaintiff was admitted as a patient at a VA hospital in Birmingham for back surgery. While he was recovering in his hospital bed, Plaintiff alleges that a nurse removed a pillow from under the leg of the patient in the adjacent bed and placed the pillow under

Plaintiff's back "multiple times." After being discharged, Plaintiff began to experience pain and "oozing" from his wound. Plaintiff returned to the hospital, where he learned that he had a staphylococcus infection in his back. Plaintiff also alleges that he learned that the patient in the bed next to him, from under whose leg the nurse obtained the pillow placed under Plaintiff's back, was being treated for a staphylococcus infection to his leg. Accordingly, Plaintiff avers that the nurse placing the allegedly infected pillow under his back breached the standard of care and caused him to suffer an infection and incur three additional surgeries.

## II. CONTENTIONS & ANALYSIS

Defendant argues that, in order for Plaintiff to prevail on his claim, the applicable substantive law of Alabama requires that he produce expert testimony indicating that the standard of care was breached and that such breach proximately caused Plaintiff's injuries. See University of Alabama Health Servs. Found. v. Bush, 638 So. 2d 794, 798 (Ala. 1994). Defendant points out that Plaintiff has not named an expert or provided an expert report, as required by Fed. R. Civ. P. 26(a)(2), which establishes, Defendant urges, that Plaintiff will not be able to prove his claim at trial, rendering appropriate summary judgment.[1]

In response, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(f) in which he argues that a continuance should be granted to obtain additional discovery. Plaintiff has also filed a motion to compel Defendant to fully answer his First Consolidated Discovery request. Plaintiff contends that he needs to depose his two treating physicians from the VA hospital because he anticipates that they may provide expert testimony sufficient to create issues of material fact on whether the nurse breached the standard of care and

---

[1] Defendant has styled its motion as one for dismissal under Fed. R. Civ. P. 12 or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Defendant's clear reliance on Plaintiff's responses to requests for admissions, in particular about whether an expert has been retained, clearly shows that matters outside the pleadings must be considered by the Court if Defendant is to even possibly prevail on this motion. Therefore, Defendant's motion must be treated as one for summary judgment under Fed. R. Civ. P. 56, rather than as one to dismiss under Fed. R. Civ. P. 12. See Fed. R. Civ. P. 12(b), (c).

thereby caused Plaintiff's infection. Plaintiff also states that Defendant should be made to supply full responses to his discovery requests, and that Defendant's failure to do so has prevented Plaintiff from having needed evidence and information to submit to an expert so that he or she might render an informed opinion as to the merits of Plaintiff's medical claim. Plaintiff also complains that Defendant has been unwilling to provide the name or credentials of the nurse or nurses who attended him during his recovery after back surgery at the VA hospital, which has allegedly prevented Plaintiff from being able to ascertain whether an expert he might retain would be "similarly situated" for purposes of providing testimony on the standard of care, as required by Alabama law. See § 6-5-548, Ala. Code 1975; Dempsey v. Phelps, 700 So. 2d 1340, 1344-45 (Ala. 1997). Finally, Plaintiff has moved the Court to allow him 14 days from the time that Defendant completely responds to Plaintiff's discovery requests to designate an expert.

In reply, Defendant claims that Plaintiff's attempts to secure additional discovery amount to nothing more than a "delaying tactic" and a "fishing expedition." Defendant argues that no additional discovery will cure the fact that Plaintiff has not named an expert. Finally, Defendant has also moved for a protective order pursuant to Fed. R. Civ. P 26(c), declaring that it need not answer any further discovery requests from Plaintiff until ordered to do so by the Court.

Summary judgment is appropriate if the evidence in the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). However, under Fed. R. Civ. P. 56(f), a court may refuse the application for summary judgment or may order a continuance for additional discovery to be had. In this case, the Court would note that it finds that Defendant's motion for summary judgment raises some serious questions about whether Plaintiff will be able to present the expert testimony, particularly on the issue of causation, required for him to succeed on his medical malpractice claim under the FTCA. Nonetheless, the Court concludes that Defendant's application for summary judgment is premature and

will be denied. The deadline for discovery in this case is not until January 5, 2001. While Plaintiff plainly has not yet named an independent expert or provided Defendant with an expert report as required under Fed. R. Civ. P. 26(a)(2), the Court finds that there is a distinct possibility that deposing Plaintiff's treating physicians and nurses, even though those witnesses would likely be hostile to his cause, might provide expert testimony on the issues of the standard of care and/or causation that would be sufficient to withstand a motion for summary judgment. This is notwithstanding that Plaintiff's treating physicians have each submitted an identical declaration stating that he does not believe a patient pillow caused Plaintiff's wound to become staph infected and that he is unaware of any deviation from the accepted community standard of care in medical treatment.[2] Moreover, the Court is not prepared to say that the failure of Defendant to respond more fully to Plaintiff's outstanding discovery requests might not have hampered Plaintiff's attempts to secure an independent expert by the October 6, 2000 deadline established by the Court's Rule 16(b) order. Accordingly, the Court will grant Plaintiff's motion under Fed. R. Civ. P. 56(f).

Turning to Plaintiff's motion to compel, Defendant first argues that the motion should be denied on procedural grounds, claiming that Plaintiff did not first attempt to secure the disclosures he now seeks without court action, as required by Fed. R. Civ. P. 37(a)(2)(A). The evidence before the Court, however, shows that in letters dated

---

[2]The basis of the physician's conclusory statements is entirely unclear, and it is very possible that they might respond differently if asked pointed questions by Plaintiff's counsel. For example, those physicians might have based their conclusions simply on the fact that they do not believe Plaintiff's allegation that a nurse placed a staph infected pillow from another patient under Plaintiff's surgical wound on his back. However, at this stage of the proceedings, the Court must accept Plaintiff's allegation that a nurse did, in fact, do so "repeatedly" because Defendant has produced no evidence to the contrary. If asked to assume that the nurse acted as Plaintiff says she did, one or both of the doctors or a nurse might admit that placing an infected pillow under another patient's open wound would be a breach of the standard of care and probably caused Plaintiff's infection. Assuming that Plaintiff could show that these persons were experts qualified to testify as to the standard of care and causation under Alabama law, their testimony would be sufficient to withstand a motion for summary judgment premised solely on the lack of expert testimony on Plaintiff's behalf.

September 12 and 13, 2000, Plaintiff's counsel informed his counterpart for Defendant that the responses to Plaintiff's discovery requests were lacking and he requested that they be supplemented. On September 14, 2000, Defense counsel filed the motion to dismiss, or for summary judgment, making it quite clear that Defendant did not intend to provide any additional discovery information. Accordingly, the Court finds that Plaintiff's counsel did make sufficient attempts to resolve the discovery dispute before filing the motion to compel.

Next, Defendant argues that it cannot provide additional discovery answers because Plaintiff has not named an expert or provided an expert report under Fed. R. Civ. P. 26(a)(2). In short, Defense counsel asserts that until Plaintiff "clarifies his claims and contentions with proper medical expert testimony and medical foundation, further discovery answers are difficult to formulate." Defendant's Opposition to Motion to Compel at ¶5. Frankly, the Court finds this excuse frivolous. In the first place, Alabama law simply requires Plaintiff to provide expert testimony on the issues of a breach of the standard of care and causation, not that he necessarily hire an <u>independent</u> expert, as Defendant would seem to suggest. For example, if Plaintiff calls his treating physicians or nurses as witnesses, he could elicit from them certain information regarding their treatment of him and on the issue of causation without even having to submit a report under Fed. R. Civ. P. 26(a)(2)(B). See <u>Brown v. Best Foods, A Division of CPC Intern., Inc.</u>, 169 F.R.D. 385 (N.D. Ala. 1996). Further, it should be apparent what Plaintiff's general theory of the case is. He claims that his back became infected with staphylococcus as a result of a nurse negligently putting under his back a pillow infected with staphylococcus from another patient. Indeed, it is obvious from a letter dated September 21, 2000 from Defense counsel to Plaintiff's counsel that the former knows that this is Plaintiff's theory. See Exhibit B to "Defendant's Opposition to Plaintiff's Motion to Compel . . ." The Court also notes that most, if not all, of the requests that Plaintiff has demanded that Defendant answer more fully, are simply not dependent upon knowing a more detailed theory of his case through expert testimony.

Finally, Defendant suggests that some of the matters Plaintiff requests are protected by the attorney-client and or/work-product privileges. Defendant acknowledges that it claimed privilege in response to Plaintiff's discovery requests only generally, without providing a "privilege log" describing the nature of the evidence in question and what specific privilege Defendant claimed, as required by Fed. R. Civ. P. 26(b)(5). However, Defendant argues that the burden was on Plaintiff to ask for a privilege log. The Court does not agree that Rule 26(b)(5) places any such on the party seeking discovery. Rather, the rule clearly places the burden on the party claiming privilege to produce the log in response to the party's request for production. However, the Court concludes that in the instant case, it would be unduly harsh to rule at this time that Defendant has waived all privileges due solely to the inadequacy of its claims thereof under Fed. R. Civ. P. 26(b)(5) in response to Plaintiff's discovery requests. See, e.g., B. Braun Medical Inc. v. Abbott Laboratories, 1994 WL 422287, *1 (E.D. Pa. 1994).

Plaintiff's motion to compel will be granted, and Defendant's motion for a protective order will be denied. Defendant will provide complete answers to each of Plaintiff's interrogatories (#'s 3, 4, 5, 6, 9, 11, and 13) and requests for production (#'s 1, 3, 4, 5, and 6) referenced in Plaintiff's motion to compel. Defendant may still assert claims of privilege in response to Plaintiff's discovery requests, but Defendant must comply with the requirements of Fed. R. Civ. P. 26(b)(5). Defendant must provide its complete answers, and a privilege log, if any, to Plaintiff's discovery request on or before 12:00 o'clock noon on November 6, 2000. In accordance with Plaintiff's motion to designate an expert, which the Court also grants, the Court orders that Plaintiff shall have until 12:00 o'clock noon on November 20, 2000 to provide the name of any expert and accompanying report, if required, to Defendant, in accord with Fed. R. Civ. P 26(a)(2). Defendant's time to disclose expert testimony will be two weeks later, 12 o'clock noon on December 4, 2000.

### III. CONCLUSION

Based on the foregoing, the Court finds that Defendant's motion for summary

judgment (Doc. No. 5) is premature and due to be DENIED; Plaintiff's Rule 56(f) motion (Doc. No. 7) is due to be GRANTED; Plaintiff's motion to compel (Doc. No. 6) is GRANTED; Defendant's motion for a protective order (Doc. No. 10) is DENIED; Plaintiff's motion to designate an expert witness 14 days after Defendant fully answers Plaintiff's discovery requests is GRANTED. It shall be ordered that Defendant fully answer Plaintiff's discovery requests made the subject of the motion to compel on or before 12:00 O'CLOCK NOON on NOVEMBER 6, 2000. Such answers shall include a privilege log, where applicable. Disclosure of expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be or before 12:00 O'CLOCK NOON on NOVEMBER 20, 2000 for Plaintiff and on or before 12:00 O'CLOCK NOON DECEMBER 4, 2000 for Defendant. **As a final note, the Court would emphasize that the discovery and dispositive motion deadlines in this case are NOT being altered, and any future request for an extension thereof is most likely to be denied. So, saddle up and ride to the sound of a just conclusion!**

DONE this 23rd day of October, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE